By the Court.—Sedgwick, J.
On the allegations of the complaint, and the testimony of the fire marshal, as to which there was no contradiction, it appeared he had competent jurisdiction to examine witnesses in the investigation pending before him ; that the defendant did not set on foot that investigation, but simply gave testimony in answer to questions of the fire marshal, after a subpoena had been served. The matters stated were relevant and material to the subject matter of the inquiry. I therefore think that the learned judge was right in holding that no action will lie upon the falsity of the evidence. The cases cited fully support the position (Perkins v. Mitchell, 31 Barb. 461; Marsh v. Ellsworth, 50 N. Y. 309 ; Gan v. Selden, 4 Id. 91).
If the matter of the alleged libel were irrelevant and immaterial to the charge of arson against the plaintiff, then clearly it was not a libel. There is no charge of *306 crime and no tendency to convince any one that a crime was committed.
I am further of opinion, that if the contents of the deposition are libelous, being statements of some matters of remote circumstantial evidence, and if the signing, at the request of a judicial officer, is such a writing that the oral slander becomes a libel, and if the communication to the public officer, is a publication technically (as to which questions no decision is meant to be intimated), still, so far as the case for the plaintiff went, the deposition was the complaint or the foundation of the charge, and the damage arising from it to the plaintiff was only its tendency to set upon foot and establish a groundless prosecution. There was no proof of a general publication, or a publication beyond its being made before a judicial officer, and its being shown to the plaintiff himself (Lyle v. Classon, 1 Caines, 580; Waistel v. Holman, 2 Hall, 173 ; Snyder v. Andrews, 6 Barb. 43). In such cases, I understand the law to be (Howard v. Thompson, 21 Wend. 319), that plaintiff must show a want of probable cause for the prosecution itself. If there were probable ground for the prosecution, this defendant suffered no damage by the false statement of circumstantial evidence. There would be injuria absque damnum.
For this reason I think, that after it appeared, as it did on the trial, that there was no proof of want of probable cause for the institution of the investigation, the complaint should have been altogether dismissed, and not held as in an action for the libel.
There was no question upon the trial as to whether the libel having been under an oath competently administered its falsity could have been established by a less quantv/tn of evidence than would have been necessary to prove the defendant guilty-of perjury under an indictment.
The order granting a new trial should be affirmed, *307 and the judgment on the verdict be reversed with costs to the defendant to abide the event.
Curtis, Ch. J., and Speir, J., concurred.